## Sherry BICE *v.* Doug BICE

CA 82-36                                    639 S.W.2d 534

Court of Appeals of Arkansas
Opinion delivered October 6, 1982

*Bullock, Hardin & McCormick*, by: *William R. Bullock*, for appellant.

*Mobley & Smith*, for appellee.

LAWSON CLONINGER, Judge. In 1974 appellant, Sherry Bice, was granted a divorce from appellee, Doug Bice, in the Chancery Court of Pope County, and appellant was awarded custody of the parties' minor child. Appellee was ordered to pay into the registry of the court the sum of $26.25 per week for the support of the minor child.

On December 12, 1980, appellant filed her petition asking that appellee be cited for contempt for his failure to make child support payments as ordered by the decree of divorce. The trial court declined to hear the matter of alleged delinquent child support for the reason that appellee had made payments of child support directly to appellant and appellant had accepted the payments.

We feel that the trial court was in error in refusing to enforce the order for child support, and we reverse and remand.

The evidence shows that appellant made an effort to have the direct payments recorded at the clerk's office, even when she lived out of town, and when appellant told appellee to have the payments recorded he told her to do it. The decree directs appellee to make payment through the registry of the court, and equity does not demand that appellant suffer a forfeiture for appellee's violation of the decree.

No local court rule is set out in the record in this case, but statements made by the parties' attorneys, in the presence of the trial judge, indicate that the trial court has a local rule that the court would not entertain a petition for a citation when any payments are made outside the registry of the court.

Uniform Rules for Circuit and Chancery Courts, Rule 12, provides that those rules may be supplemented by a local

court if such supplemental rules do not conflict with the Uniform Rules and a copy is filed with the Clerk of the Supreme Court. It follows, of course, that no local rule can be in conflict with any statute, Supreme Court Rule, or case law.

Entitlement to payment of either alimony or child support vests in the person entitled to it, as the payments accrue, as the equivalent of a debt due. *Sage* v. *Sage,* 219 Ark. 853, 245 S.W.2d 398 (1952). As a general rule, an ex-spouse is entitled to judgment for all past due installments of alimony awarded by a decree of divorce, not barred by the statute of limitations, unless equity cannot lend its aid because of the actions or conduct of the ex-spouse seeking judgment. *Bethell* v. *Bethell,* 268 Ark. 409, 597 S.W.2d 576 (1980). In the case presently before the court, child support payments are involved, and the rule would apply in equal or greater force than it would in alimony cases.

The trial court had no authority to remit the accumulated payments in the circumstances of this case. The trial court is directed to allow appellant to prove the amount of unpaid installments not barred by the statute of limitations by any relevant and competent evidence, and to allow appellee to prove any payments made outside the registry of the court by relevant and competent evidence.

Reversed and remanded.